*FILED*

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

2014 MAR 27  AM 11: 49

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FL
JAX, FLORIDA

### JACKSONVILLE Division

## : SECOND AMENDED COMPLAINT :

### CIVIL RIGHTS COMPLAINT FORM

EDDIE TROY WILLIAMS # B-897394    CASE NUMBER: 3:12-cv-1133-J-20PDB

(To be supplied by Clerk's Office)

Defendants Et.al. Are sued in their individual Capacities and malicious Conduct. (B) Defendants are sued individual Capacities individually. (C) Plaintiff seeks Compensatory and Punitive damages as relief. (D) Request Trial by jury ...

(Enter full name of each Plaintiff and prison number, if applicable)

v.

CAPTAIN MERCADO

LIEUTENANT MARK CURTIS

SERGEANT McLAMORE

SERGEANT M.E. JENKINS, JMEOJ (aka Sgt. Bull)

(Enter full name of each Defendant.
If additional space is required, use the
blank area directly to the right).

OFFICER SANCHEZ
OFFICER JOHN DOE
OFFICER MILLARD BELL
OFFICER CARVER
NURSE SALENA GASKIN aka Lil Bit
NURSE GROOMS

_____/

## ANSWER ALL OF THE FOLLOWING QUESTIONS:

I.    PLACE OF PRESENT CONFINEMENT: Suwannee Correctional Institution
5964 US. HWY 90, Livecak, Florida. 32060
(Indicate the name and location)

II.    **EXHAUSTION OF ADMINISTRATIVE REMEDIES: Exhaustion of administrative remedies is required prior to pursuing a civil rights action regarding conditions or events in any prison, jail, or detention center. 42 U.S.C. § 1997e(a). Plaintiff is warned that any claims for which the administrative grievance process was not completed prior to filing this lawsuit may be subject to dismissal.**

III.    **PREVIOUS LAWSUITS:**

A.   Have you initiated other lawsuits in state court dealing with the same or similar facts involved in this action or otherwise relating to your imprisonment or conditions thereof?   Yes (   ) No (✓)

B.   Have you initiated other lawsuits in <u>federal court</u> dealing with the same or similar facts involved in this action or otherwise relating to your imprisonment or conditions thereof?   Yes (   )   No (✓)

C.   If your answer to either A or B is YES, describe each lawsuit in the space provided below. If there is more than one lawsuit, describe all additional lawsuits on a separate piece of paper, using the same format as below.

   1.   Parties to previous lawsuit:

      Plaintiff(s): _____

      _____

      Defendant(s): _____

      _____

   2.   Court (if federal court, name the district; if state court, name the county):

      _____

   3.   Docket Number: _____

   4.   Name of judge: _____

   5.   Briefly describe the facts and basis of the lawsuit:_____

      _____

      _____

   6.   Disposition (Was the case dismissed? Was it appealed? Is it still pending?):

      _____

      _____

   7.   Approximate filing date: _____

   8.   Approximate disposition date: _____

D.   Have you initiated lawsuits or appeals from lawsuits in federal court that have been dismissed as frivolous, malicious or for failure to state a claim upon which relief may be granted? If so,

identify these suits below by providing the case number, the style, and the disposition of each case: _____

_____

_____

_____

_____

IV.   **PARTIES**:  In part A of this section, indicate your full name in the first blank and your full mailing address in the second blank. Do the same for each additional Plaintiff named in the Complaint (if any) in part B of this section:

A.   Name of Plaintiff: Eddie Troy Williams, DC Nu# B-897394

Mailing address: Suwannee Correctional Institution

5964 U.S. Hwy 90, Liveoak, Florida. 32060

B.   Additional Plaintiffs: _____

_____

_____

In part C of this section, indicate the **full name** of the first named Defendant.  Also, fill in his or her mailing address, position, and where he or she is employed.  For any additional Defendants, use parts D through G of this section for the names, addresses, positions and places of employment:

C.   Defendant: Mark Curtis

Mailing Address: 7819 N.W. 228th Street,

Raiford, Florida. 32026-4000

Position: Lieutenant

Employed at: Union Corr. Inst.

D.   Defendant: Sergeant Mclamore

Mailing Address: 7819 N.W. 228th Street,

Raiford, Florida. 32026-4000

Position: Sergeant

Employed at: Union Corr. Inst.

E.   Defendant: M.F. Jenkins, JME07 (a.k.a. Sgt. Bull)

Mailing Address: 7819 N.W. 228th Street,

Raiford, Florida. 32026-4000

Position: Sergeant

Employed at: Union Corr. Inst.

F.   Defendant: Millard Bell

Mailing Address: 7819 N.W. 228th Street,

Raiford, Florida. 32026-4000

Position: Officer

Employed at: Union Corr. Inst.

G.   Defendant: Officer Carver

Mailing Address: 7819 N.W. 228th Street,

Raiford, Florida. 32026-4000

Position: Officer

Employed at: Union Corr. Inst.

H.   Defendant: Officer Sanchez

Mailing Address: 7819 N.W. 228th Street

Raiford, Florida. 32026-4000

Position: Officer

Employed at: Union Corr. Inst.

I. Defendant: Captain Mercado
   Mailing Address: 7819 N.W. 228th Street
   Raiford, Florida. 32026-4000
   Position: Captain
   Employed at: Union Corr. Inst.

J. Defendant: Officer John Doe
   Mailing Address: 7819 N.W. 228th Street
   Raiford, Florida. 32026-4000
   Position: Officer
   Employed at: Union Corr. Inst.

K. Defendant: Salena Gaskins (a.k.a. Lil Bit)
   Mailing Address: 7819 N.W. 228th Street
   Raiford, Florida. 32026-4000
   Position: LPN Nurse
   Employed at: Union Corr. Inst.

L. Defendant: Nurse Grooms
   Mailing Address: 7819 N.W. 228th Street
   Raiford, Florida 32026-4000
   Position: LPN Nurse
   Employed at: Union Corr. Inst.

4 (A)

V.   STATEMENT OF CLAIM: State what rights under the Constitution, laws, or treaties of the United States have been violated, and be specific. If you intend to allege a number of related claims, set forth each claim in a separate paragraph. **Any claim that is not related to the same basic incident or issue must be addressed in a separate Civil Rights Form.**

Plaintiff Contends by defendant Mark Curtis Witnessing defendant Sergeant McLamore illegal action, failing to Correct that misconduct, encouraging the Continuation of this misconduct and being deliberate indifference to Plaintiff Serious medical need., Was done out of retaliation to Cause the Plaintiff Pain, Suffering, Physical injury and

VI.  STATEMENT OF FACTS: State as briefly as possible the FACTS of your case. Describe how each defendant was involved. **Do not make any legal arguments or cite any cases or statutes.** State with as much specificity as possible the facts in the following manner:

1.   Name and position of person(s) involved.
2.   Date(s).
3.   Place(s).
4.   Fact(s) or event(s) giving rise to your claim, including involvement of each defendant.
5.   Nature and extent of injury (i.e., physical injury or how you were harmed by the acts of the defendant[s]).

Upon information and belief defendants are Correctional Officers and nurses at Union Correctional Institution. Where Plaintiff was transferred from Suwannee Correctional Institution to be Placed in a Crisis Stabilization Observation Cell, and, Some days after. Plaintiff was Omitted in a inpatient transitional Care Program. To receive treatment for mental illnesses and, Upon Completion. Plaintiff was Placed after discharged under

## Continue Statement of Claim from Page (5)

emotional distress without need, provocation or justification. For writing grievances against his fellow officers. ("Which was the Plaintiff due process right to utilize the grievance procedure in good faith". "According to Chapter 33 F.A.C. F.D.O.C. Policy, Rules and Regulations".) Personally participated under his present supervision in violation of the First Amendment, Eighth Amendment and **Fourteenth** Amendment Rights. To the United States Constitution and Constituted the tort of assault and battery.

## Continue Statement of facts

a 90 day observation mental health hold february 10, 2012. To be monitor by trained mental health staff and medical nurses at Union C.I. before returning back to Suwannee C.I. Being that Plaintiff is classified a S-3 by mental health Services.

(7) ON April 26, 2012 at approximately 2:p.m. or 2:30 p.m. to the very best of Plaintiff Knowledge. Plaintiff was awaken and ordered by Officer Millard Bell to pack up all of his Personal Property, bedlinen, take off all of his Clothes, (except his boxershorts) Placed all of it on top of his matress with Pillow, Put his matress by the door and be ready when he comes back with officer Carver to pulled him out of his Cell. Because he was being Placed on 72 hour Property restriction and Conduct a thorough Search of his cell. Due to Officer Landon Hall finding a torn T-Shirt in his Cell at approximately 9:30 a.m. While Plaintiff was visiting with the mental health doctor.

(8) Plaintiff Stated to officer Millard Bell before he walked away from his Cell door. "Sir, "It was impossible for officer Landon Hall to find a torn T-Shirt in my Cell" "When the only T-Shirt I'm required to have in my Cell here in O-dormitory is on my back". "Why wasn't I Placed on Property restriction after I returned back to my Cell from visiting with the mental health doctor this morning"; "If officer Landon Hall found a torn T-Shirt in my Cell"; "He was standing on the Wing when Sergeant Mclamore escorted me back to my Cell this morning and Said nothing".

VII.   **RELIEF REQUESTED**: State briefly what you want the Court to do for you. Again, do not make any legal arguments or cite any cases or statutes.

  A. Issue a declaration judgment Stating that: 1) The Physical

abuse of the Plaintiff by the defendant(s); Sergeant Mclamore, Officer Sanchez, Officer John Doe, Officer Millard Bell, Sergeant M.E. Jenkins, JMEOT a.k.a Sgt. Bull violated the Plaintiff's rights under the Eighth Amendment to the United States Constitution and constituted an assault and battery

2) Defendant Lieutenant Mark Curtis failure to take action to curb the physical abuse, being deliberate indifference to Plaintiff serious medical injuries. Was intentional to cause Plaintiff pain, suffering, physical injuries and emotional distress

**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.**

Signed this 25th day of March , 2014 .

_Eddie Tray Williams_

**(Signatures of all Plaintiffs)**

**IF MAILED BY PRISONER:**

I declare (or certify, verify, or affirm) under penalty of perjury that this complaint was (check one): ☑ delivered to prison officials for mailing or ☐ deposited in the prison's internal mail on: the 25th day of March , 2014 .

<u>Continue Relief Requested from Page (6)</u>

out of retaliation. Due to Plaintiff had Utilized the grievance Procedure in good faith against officials. Did Constituted Cruel and Unusual Punishment in Violation of the First Amendment, Eighth Amendment and Fourteenth Amendment to the United States Constitution and Constituted an assault and battery.

3) Defendant Officer Millard Bell and officer Carver failure to take action to Curb the Physical abuse of Plaintiff. Did Violated the Plaintiff's rights Under the Eighth Amendment to the United States Constitution. That was Cruel and Unusual Punishment. and Constituted an assault and battery.

4) Defendant Captain Mercado failure to Provide medical assistance Care treatment for the Plaintiff Until after Plaintiff Was gassed. Did Violated the Plaintiff's rights Under the Eighth Amendment to the United States Constitution that Was Cruel and Unusual Punishment.

5) The actions of defendant Salena Gaskin ignoring Plaintiff medical and mental health Condition and failing to Contact the mental health doctor on duty before Medical Clearing for Security to gassed the Plaintiff. Did Constituted Cruel and Unusual Punishment in Violation of the Plaintiff's rights Under the Eighth Amendment to the United States Constitution.

6) The failure of defendant Nurse Grooms to Provide adequate Medical Care treatment Properly and alerting a doctor for Plaintiff. Did Constituted Cruel and Unusual Punishment in Violation of Plaintiff's rights Under the Eighth Amendment to the United States Constitution.

<u>Continue Relief Requested from Page (6)</u>

B.  Release the Plaintiff from Close management status and transfer him to either (3) institutions (South Bay Private Prison, Dade C.I. or Martin C.I.) general population with restoration of all rights and Privileges.

C.  Award Compensatory damages in the following amounts:

1)  $150.000 thousand jointly and Severally against defendants, Lieutenant Mark Curtis, Sergeant McLamore, Sergeant M.E. Jenkins, Officer Millard Bell, Officer Carver, Officer Sanchez and Officer John Doe for the Physical and emotional injuries Sustained as a result of the Plaintiff beating.

2)  $50.000 thousand jointly and Severally against defendant Captain Mercado for failing to Provide medical treatment for the Plaintiff for the Physical and emotional injuries Sustained as a result of the Plaintiff beating.

3)  $50.000 thousand jointly and severally against defendant Salena Gaskin for ignoring Plaintiff medical and mental health Condition and failing to inform the mental health doctor before medically Clearing for Security to be gassed

4)  $85.000 Thousand jointly and severally against defendant nurse Grooms for a failure to Provide Properly adequate medical Care treatment and clearing a doctor for the Plaintiff.

D.  Award Punitive damages in the following amounts:

1)  $150.000 thousand each against defendants Lieutenant Mark Curtis, Sergeant McLamore, Sergeant M.E. Jenkins, Officer Millard Bell, Officer Carver, Officer Sanchez and officer John Doe.

2)  $50.000 thousand against defendant Captain Mercado

3)  $50.000 thousand against defendant Salena Gaskin

4)  $85.000 Thousand against defendant nurse Grooms

## Continue Relief Requested from Page (6)

E.  Grant Such other relief as it may appear that Plaintiff is entitled.

F.  Plaintiff request all Compensatory and Puntive awards be granted to him non-taxable and clear any debt he owes the State.

G.  Plaintiff request Criminal Charges be brought against defendant(s) Lieutenant Mark Curtis, Sergeant Mclamore, Sergeant M.E. Jenkins, Officer Millard Bell, Officer Carver, Officer Sanchez and officer John Doe and Persecuted to the fullest...

<u>Continue Statement of facts from Page (6)</u>

(9) Officer Millard Bell then Stated to the Plaintiff, "I don't know why but Should've." "I think it's about a grievance you wrote on Sergeant Jenkins, (a.k.a. Sgt. Bull) Officer Kelly and Officer Brock I over heard this morning." "For taking some batteries out of your Cell." "While you were Participating at Out door recreation." "But I'll tell Lieutenant Curtis you want to Speak with him when I get down Stairs."

(10) When Officer Millard Bell and Officer Carver returned back to the Plaintiff Cell door Minutes later. Lieutenant Mark Curtis and Sergeant Mclamore were Present with them the Wing Posted Surveillance Camera's Will Show.

(11) Plaintiff stated to Lieutenant Mark Curtis that, "It was impossible for Officer Hall to find a torn T-Shirt (after he woke me up this morning, Search my Clothes I was Putting on, escorted me to Visit with my mental health doctor) in my Cell." "When the only T-Shirt I was allowed to have have on." "Why is you treating me wrong." "I've never gave you or your officer's any trouble Since I been here at U.C.I. O-dormitory." "While waiting on my 90 day mental health hold to expire." "So I can be transferred back to my Permanent Camp Suwannee C.I." "My room is always in Compliance." "Why is you as a Supervisor allowing your Officer's to illegally Put me on 72 hour Property restriction as Cold as these rooms are." "From the last of Winter Cold front we just had Come in over the weekend."

(12) Lieutenant Mark Curtis Stated to Plaintiff, "I hate a Snitching wit Writing fucking inmate." "You Should've thought about that when you told on my homeboys in Mental health T.C.U and writing a fucking grievance on my officer's here." Now Cuff the fuck up or get gassed."

# Continue Statement of facts, Page (6)

(13)   Plaintiff then Stated to Lieutenant Mark Curtis, "I have a Medical and mental health Condition." "This must be approve by the mental health doctor and I'm requesting a garment to put on as it states in Chapter 33 F.A.C." Due to "the Coldness in my Cell".

(14)   After hand restraints was Placed on Plaintiff from behind at the Chow flap of his Cell door. Officer Millard Bell then ordered Plaintiff Cell door to be open and Plaintiff was escorted out of his Cell, and, was directed to face the Wall.

(15)   Lieutenant Mark Curtis Stated to Plaintiff, "Sergeant Mclamore is fixing to give you a garment to Put on".

(16)   While Officer Millard Bell and Officer Carver was removing Plaintiff Personal Property, State issued Property and Conducting a thorough Search of the Plaintiff Cell. The Posted Surveillance Wing Camera's will Show Plaintiff Very Cooperative and never acted disruptively at any time while facing the Wall., As he was ordered to do, nor, when returning back to his Cell as he was directed to by Officer Millard Bell.

(17)   After Plaintiff had entered back inside his Cell. The Surveillance Wing Posted Camera's Will show Sergeant Mclamore entered inside Plaintiff Cell behind him with out reason.

## Continue Statement of facts from Page (6)

(18)   Sergeant Mclamore repeatedly slapped Plaintiff in his face, Punched the Plaintiff repeatedly in the ribs, Stomach and threw him against the Wall inside of his Cell. Causing the Plaintiff to badly injured his left arm that Was bleeding. That Was all observed by Lieutenant Mark Curtis, Officer Millard Bell and Officer Carver Standing in the hallway. Without intervening to Stop Sergeant Mclamore from beating the Plaintiff and denied him medical treatment.

(19)   After Plaintiff Cell door Was Secured and hand restraints Was removed Off of the Plaintiff. Lieutenant Mark Curtis Stated to the Plaintiff, " I got Something else for you just in a minute". "Just hold on". "I'll be right back". "I'm gone Cure your asthma So you Won't have a medical Condition any more"

(20)   Plaintiff Stated to Lieutenant Mark Curtis, "Will you Please let me See the dormitory assigned nurse about my arm":

(21)   Lieutenant Mark Curtis Stated to the Plaintiff, "NO"! And left the Plaintiff Cell door.

(22)   The Wing Posted Surveillance Camera's Will show Sergeant Mclamore back at the Plaintiff Cell door talking With him.

## Continue Statement of facts from Page (6)

(23) Plaintiff repeatedly asked Sergeant McLamore to Please called for O-dormitory assigned Nurse (Salena Gaskin) to examine him.

(24) Sergeant McLamore Stated to Plaintiff, "No"! And Walked away from the Plaintiff Cell door.

(25) The Wing Posted Surveillance Camera's Will show Captain Mercado at Plaintiff Cell door talking with him.

(26) Plaintiff explained to Captain Mercado all that happen to him. Showed him his injuried bleeding arm and declared a Medical emergency to him.

(27) Captain Mercado Stated to Plaintiff, "I am When I'm done gassing you".

(28) Several Same minutes later. The Wing Posted Surveillance Camera's Will show Captain Mercado, Lieutenant Mark Curtis, Officer Millard Bell and another unknown Official who was holding the audio helded Video Cam recorder. Approached the Plaintiff Cell door (#02-226-S) on three different Occasion., Ordering the Plaintiff to Cease his behavior that he was Never Causing.

(29) Moments after the final order on Video audio Camera given to Plaintiff. Captain Mercado ordered Officer Millard Bell to gassed Plaintiff Without a nurse up Stairs near by. In Case of an emergency. Due to Plaintiff asthmatic Condition. That the Posted upstairs Surveillance Camera's Will Show.

Continue Statement of facts from Page (6)

(30)   Minutes after Plaintiff was done getting gassed. Plaintiff was then escorted out of his cell to take a decontaminated Shower.

(31)   When Plaintiff was done taking his decontaminated Shower. Plaintiff was then escorted down stairs and was briefly improperly examine by nurse Salena Gaskin (For failing to examine other areas of the Plaintiff body he was hit and Punched at that Caused him Pain and document) and escorted back up stairs to another Cell.

(32)   After Shift Changed. Plaintiff was escorted to the medical infirmary. Where he was re-examine again for his breathing ("that nurse Salena Gaskin failed to do") and Left wounded arm and talked with two mental health Counselor's.

(33)   The Plaintiff was told by the mental health Counselors after he explained what happen to him that the officials Said he declared a Psychological emergency.

(34)   Plaintiff Stated to the mental health Counselor's that he did not declare a Psychological emergency and those Officials was lying and, asked Why the mental health doctor (who was on duty at the time) wasn't notified by nurse Salena Gaskin before she medically Cleared him to be gassed. While Still Sufficiently under a 90 observation mental health hold.

<u>Continue Statement of facts from Page (6)</u>

(135)  Mental health Counselor's stated they didn't Know why and Stated to Plaintiff that, they have to omit him in a SHOS Cell, Until Seen by the mental health treatment team the next day. Because the officials told them Plaintiff Cut himself with something.

(36)  Plaintiff Stated to the mental health Counselor's, "thats a lie", "Showed them his left wounded arm" and Stated, "those Officials is trying to Cover up for Sergeant McLamore for What he done to me". "In favor for Lieutenant Mark Curtis because," I wrote grievances against Sergeant M.E. Jenkins, Officer Kelly, Officer Brock and other officials he Called his homeboys." ("For beating up other inmates in handcuffs inside their cells") "When I was in TCU".

(37)  ON **april** 27, 2012. Plaintiff Contends the Surveillance Posted Camera's tapes will show inside T-dormitory. Where the Plaintiff was housed. Being escorted out of his Cell by officials to talked with the mental health treatment team.

(38)  When Plaintiff was done talking with the treatment team. Plaintiff was told by the treatment team he was discharged after explaining what happen the day before, and was escorted out of the meeting by Sergeant Smith in the day room area and ordered to wait at one of the tables. Until an officer escort him back to his Cell.

Continue Statement of facts from Page (6)

(39)    While Plaintiff was waiting. Plaintiff **Contends** the Posted Surveillance Camera's tapes will show Captain Mercado approuched the Plaintiff to talk before returning back to his Cell.

(40)    When Plaintiff **Refused** to talked with him. Captain Mercado stated to the Plaintiff, "Okay you don't have to answer me." "But after today you will nigga boy".

(41)    Then Sergeant Smith, Officer Carter and Officer Sanchez escorted Plaintiff back into his cell and removed all restraints off of Plaintiff.

(42)    After lunch and noon count was clear. Sergeant Smith and Officer Carter arrived back at Plaintiff cell door and Ordered him to Submit to handcuffs. So they can come into his cell to Put on him more restraints to be escorted back to O-dormitory. Due to Plaintiff being discharged out of mental health hospital setting SHOS Cell.

(43)    While Plaintiff was waiting in the day room to be escorted back to o-dormitory. Officer Sanchez arrived to escorted the Plaintiff.

(44)    Plaintiff Contends that T-dormitory Surveillance Posted Camera's Tapes will show from the location he was at, Conferative and Physically find exiting the building with Officer Sanchez. Except for his left arm being injuried by Sergeant Mclamore a day before.

<u>Continue Statement of facts from Page (6)</u>

(45)   After Officer Sanchez and Plaintiff reached the gate by the Canteen. There were other officials Plaintiff recognized from O-dormitory except for defendant John Doe.

(46)   Plaintiff contends he over heard Lieutenant Mark Curtis Stated to Sergeant M.E. Jenkins (JME07) who was present. "Thats between him and the State". "Me and my Captain won't business taken care of today" "Y'all take officer Sanchez with Y'all and handle that".

(47)   While Plaintiff was walking in full body restraints, cuffed behind his back and being escorted by officer Sanchez, Officer John Doe, Sergeant M.E. Jenkins (JME07) and Officer Millard Bell. "Imposing No threat to those four officials" and, "did nothing wrong to provoke them".

(48)   When the Plaintiff was turning left around the curve in the direction of O-dormitory. Officer Sanchez grabbed the Plaintiff by his head. Slamming the Plaintiff face into the Pavement road.

(49)   Officer John Doe, Officer Millard Bell, Officer Sanchez and Sergeant M.E. Jenkins (JME07) repeatedly bang Plaintiff head and face on the Pavement road. Without need, Provocation or justification. To intentionally hurt him Plaintiff contends.

(50)   Plaintiff was repeatedly mased directly in his eyes while on the ground, repeatedly hit in his face by their fist, Communication radios, mase dispenser carts, Punched, Kicked in the face, Stomach, Ribs on both sides and step on in his chest and back. By officer Sanchez, Officer John Doe, Officer Millard Bell and Sergeant M.E. Jenkins (JME07) without need, Provocation or justification. To the intent of severely hurting him Plaintiff contends.

# Continue Statement of facts from Page (6)

(51)   Plaintiff Contends there were No audio Video Camera Called for- ('As it states in F.D.O.C. Policy, Rules and Regulations Chapter 33 F.A.C. Must be Called for, When a "Spontaneous use of force has been initiated.]- to be recorded at the scene by the roadway. Where the Plaintiff was taken down and beaten for Several minutes.

(52)   When Officer Sanchez, Officer John Doe, Officer Millard Bell and Sergeant M.E. Jenkins was done beating the Plaintiff. Plaintiff was forcefully Picked up off the ground Severely hurt, denied medical assistance and was force to walk the rest of the way to O-dormitory in Severe Pain.

(53)   Plaintiff Contends that O-dormitory Yard Surveillance Posted Camera's tapes will show him helded up body Officer Sanchez., Along with Officer John Doe, Officer Millard Bell and Sergeant M.E. Jenkins (JME07) assisting, as we walk to the entry of O-dormitory.

(54)   Plaintiff Contends When he entered inside O-dormitory. The Posted Surveillance Camera's tapes will show other Officials Standing Watching with Lieutenant Mark Curtis and another unknown rank official. When Plaintiff was Shoved in the holding Cell and beat again by officer Sanchez, Officer John Doe, Officer Millard Bell and Sergeant M.E. Jenkins (JME07). Where theres No Posted Video Camera inside the holding Cell.

<u>Continue Statement of facts from Page (6)</u>

(55)   Plaintiff Contends Officer Sanchez, Officer John Doe, Officer Millard Bell and Sergeant M.E. Jenkins (JME07) threw him on the floor, Kicked him, Slapped him and Sprayed mase repeatedly in his face for several minutes. While Plaintiff was fully restrained and handcuffed from behind inside the holding Cell. Without need, Provocation or justification.

(56)   Plaintiff Contends When Officer Sanchez, Officer John Doe, Officer Millard Bell and Sergeant M.E. Jenkins (JME07) Were done beating him. Then a audio Video Cam recorder was Called for.

(57)   Plaintiff Contends that on audio Video Camera it will show him being force to walk from the holding Cell to the Shower in severe Pain and barely could walk., without being medical examine.

(58)   Plaintiff Contends that on audio Video Camera it will show him badly injuried and serious enough to immediately alert a doctor attention. That any reasonable humanbeing Would've seen quickly and Called for help.

(59)   Plaintiff Contends the audio Video Camera will show him in the Shower Slipping in and out of Conscious falling several times inside the shower and struggling to get up.

## <u>Continue Statement of facts from Page (6)</u>

(60)   After Plaintiff was ordered to dry off and get out of the Shower. Plaintiff was given a Pair of boxershorts to Put on and was escorted to the nurses Station inside O-dormitory. To be examine by Nurse Grooms.

(61)   Nurse Grooms just took a quick glance at the Plaintiff and told the officials," He's alright" "Take him to his Cell".

(62)   When Plaintiff entered into his Cell. Instantly about 35 or 40 Seconds after the officials had left off of Wing#2 Up Stairs. **Plaintiff** head Started to Swell.

(63)   Plaintiff managed to alarmed the inmates on the Wing and they began to Kicked and banged on their Cell doors for help, to Keep the Plaintiff from dying.

(64)   When the Officials Came back upstairs to get the Plaintiff-(That the Surveillance Posted Camera's tapes will show Plaintiff Contends)- out of the Cell to escort him to the U.C.A. Medical infirmary. The Plaintiff was force to Walk in Severe Pain.

(65)   Plaintiff Contends that o-dormitory Posted Surveillance Camera's tapes (down stairs) Will show before officials exited the building With him. The Officials Stop by the Lieutenant office and Lieutenant Mark Curtis maded fun of Plaintiff. Instead of taking Plaintiff Straight to the Medical infirmary to be examine by the medical doctor.

<u>Continue Statement of facts from Page (6)</u>

(66) When the Plaintiff arrived to the U.C.A. medical infirmary. X'Rays was immediately taking of the Plaintiff head and chest area.

(67) After X'rays was taking. Plaintiff was then wheeled in a wheel chair to the dental lab-['An apparently strange reason unKnown']-for another head x'ray after becoming to weak to stand. That the Plaintiff contends the infirmary/dental lab Posted Surveillance Camera's tapes will show.

(68) Plaintiff contends after the dentist finish Performing the x'ray of his head. He over heard the dentist stated to the Officials. "Get the Plaintiff to the hospital now"!

(69) Plaintiff was then wheeled back to the infirmary for further care until the amblance arrived and took him to Shands hospital in Gainesville florida. For serious head injuries he sustained from the severe beating by officer Sanchez, officer John Doe, officer Millard Bell and Sergeant M.E. JenKins (JME07) who beat him.

(70) Plaintiff contends that his medical records will show the serious diagnosis injuries he sustained were. A ORBIT FLOOR BLOW OUT CLOSED FRACTURE, NASAL FRATURE, NASAL SEPTAL HEMATOMA in his face and, other abrasions and contusions to head and body. That suffer the Plaintiff high blood Pressure, Chronic Migraine headaches, blurry Vision, [Nor can Plaintiff see well in his left eye due to those serious injuries without wearing Permanent eye glasses he was Prescribed to wear] dizziness, Psychological trauma, mental anguish, depression, Panic attacks and nightmares of the assault. That affect his daily activity thats caused by Pain and Psychological Symptoms.

<u>Continue Statement of facts from Page (6)</u>

(71)   Plaintiff contends he never was written or received any disciplinary reports Pertaining to Self mutilation of April 26, 2012 by Lieutenant Mark Curtis, Sergeant Mclamore, Officer Millard Bell or Officer Carver. Nor any disciplinary reports Pertaining to the Spontaneous use of force incident by officer Sanchez, Officer John Doe, officer Millard Bell or Sergeant M.E. Jenkins (JME07). That beat him on April 27, 2012 out of retaliation for Writing grievances in favor for Lieutenant Mark Curtis. Thats govern under F.D.O.C. Policy, Rules and Regulation that must be documented.

(72)   Plaintiff has exhausted his administrative remedies With respect to all Claims against defendants. That was approved by the ~~Warden~~ at Union C.I. and was forwarded to the inspector general Office for appropriate action to be taken.

(73)   Plaintiff Wouldlike to bring to the Court attention that of Mid-2012 Union C.I. administration officials and most defendants who severely beat him has been relocated to Columbia C.I. Due to a Wide Spread Practice history of staff abuse. and investigated by the F.B.I. Which Some of Plaintiff listed defendants are on administrative leave, fired, have quit or Working at Columbia C.I. That would be very difficult for Plaintiff to have Copies of his amended Civil rights complaint served Without discovery to Know their full correct names, and their location first.

(74)   Please Know that as a result of the beating. The Plaintiff was housed in the Prison medical infirmary from his return back from Shands hospital until July 2012. Recuperating from the result of those Serious injuries he Sustained by the accused defendants Who Severely beat him. Going back and forth Several times to RMC Prison hospital for repeatedly test Conducted of his head and eyes. That the Plaintiff is still being treated for.

Continue Statement of Claim from Page (5)

(79).   Plaintiff Contends by defendant Nurse Salena Gaskin Medically Clearing in favor for Security for him to be gassed. "Knowing the Plaintiff has a medical asthmatic Condition" and, "Was under a 90 day mental health hold Without Consulting With the mental health doctor on duty at the time". It also constitute Cruel and Unusual Punishment in Violation of the Eight Amendment of the United States Constitution. Due to Ms. Gaskin is well familiarized with F.D.O.C. Policy of her job.

(80)   Plaintiff Contends by defendant Lieutenant Mark Curtis Witnessing defendant(s), Officer Sanchez, Officer John Doe, Officer Millard Bell and Sergeant M.E. Jenkins (JME07) Maliciously and Sadistically illegal actions, failing to Stop that misconduct and encouraging the Continuation of this Conduct. Was done out of retaliation to cause the Plaintiff Pain, Suffering, Physical injury and emotional distress without need, Provocation or justification. For Writing grievances against his fellow officers. ("Which was the Plaintiff due Process right to Utilize the grievance Procedure in good faith." "According to F.D.O.C. F.A.C. Policy, Rules and Regulations.") Personally Participated under his Present Supervision in Violation of the First Amendment, Eighth Amendment and Fourteenth Amendment Rights. To the United States Constitution and Constituted the tort of assault and battery.

## Continue Statement of Claim from Page (5)

(75)   Plaintiff Contends that the actions of defendant Sergeant Mclamore Using Physical force against him without need, Provocation or justification. Were done out side of his discretionary and scope of his job duty Maliciously and Sadistically and Constituted Cruel and Unusual Punishment in Violation of the Eighth Amendment of the United States Constitution and, tort of assault and battery.

(76)   Plaintiff Contends by defendant Officer Millard Bell Witnessing defendant Sergeant Mclamore illegal actions Without need, Provocation or justification and failing to intervene to Stop the Maliciously and Sadistically Misuse of force. It also Constituted Cruel and Unusual Punishment in Violation of the Eighth Amendment of the United States Constitution and Constituted the tort of assault and battery.

(77)   Plaintiff Contends by defendant Officer Carver Witnessing defendant Sergeant Mclamore illegal actions Without need, Provocation or justification and failing to intervene to stop the Maliciously and Sadistically Misuse of force. It also Constituted Cruel and Unusual Punishment in Violation of the Eighth Amendment of the United States Constitution and Constituted the tort of assault and battery.

(78)   Plaintiff Contends defendant Captain Mercado failure to Provide Medical treatment Under his Present Supervision for him was deliberate indifference and, Constituted Cruel and Unusual Punishment in Violation of the Eighth Amendment of the United States Constitution.

Continue Statement of Claim from Page (5)

(81) Plaintiff Contends that the actions of defendant officer Sanchez using Physical force against him without need, Provocation or justification. Were done out side of his discretionary and Scope of his job duty Maliciously and Sadistically and Constituted Cruel and Unusual Punishment in Violation of the Eighth Amendment of the United States Constitution and, tort of assault and battery.

(82) Plaintiff Contends that the actions of defendant officer John Doe using Physical force against him without need, Provocation or justification. Were done out side of his discretionary and Scope of his job duty Maliciously and Sadistically and Constituted Cruel and Unusual Punishment in Violation of the Eighth Amendment of the United States Constitution and, tort of assault and battery.

(83) Plaintiff Contends that the actions of defendant **Officer** Millard Bell using Physical force against him without need, Provocation or justification. Were done out side of his discretionary and Scope of his job duty Maliciously and Sadistically and Constituted Cruel and Unusual Punishment in Violation of the Eighth Amendment of the United States Constitution and, tort of assault and battery.

(84) Plaintiff Contends that the actions of defendant Sergeant M.E. Jenkins [JMEO7] using Physical force against him without need, Provocation or justification. Were done out side of his discretionary and Scope of his job duty Maliciously and Sadistically and Constituted Cruel and Unusual Punishment in Violation of the Eighth Amendment of the United States Constitution and, tort of assault and battery.

Continue Statement of Claim from Page (5)

(85)    The failure of defendant Nurse Grooms to Provide Properly
Medical treatment to Plaintiff Serious injuries and not
alerting the doctor on duty and Stating to Security,
"He's alright". "Take him back to his cell." Constituted
Cruel and Unusual Punishment by delaying Plaintiff
immediately access to medical treatment in the Violation of
the Eighth Amendment to the United States Constitution. Due
to Plaintiff was transported out to a outside hospital
by amblance. As a result of those Serious injuries.

**STATE OF FLORIDA**
**DEPARTMENT OF CORRECTIONS**

REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL

TO: ☑ Warden        ☐ Assistant Warden        ☐ Secretary, Florida Department of Corrections

From: Williams, Eddie        T.        B-897394        U.C.I.
    Last    First    Middle Initial        Number        Institution

---

### Part A – Inmate Grievance

Before you or your office is a grievance complaint of a sensitive nature filed by the grievant against the defendants that's listed. ( Captain Richards, Lpn Ms. Gaskins aka Little bit, Lieutenant Curtis, Sergeant Maclamore, Sergeant Jenkins aka Sgt Ball, officer Bell, officer Sanchez, officer ( ) John Doe.) That if this complaint be denied. It will personally affect the grievant and further suffer the grievant more substantial risk of personal injuries, cause other serious and irreparable harm intently. Due to the nature and circumstance of the incidents that occurred between the grievant and defendants on 4/26/12 and 4/27/12 out of retaliation. That resorted the grievant to be transported by ambulance to Shands hospital in gainesville florida. Due to very serious and deadly Head face et Injuries that he's suffering from now. Housed in U.C.I. U.C.A. Medical Infirmary. With a lost percentage Vision in his left eye ( Please review grievant medical records, X-Rays and Cat scan Photographics X-Rays.) That put grievant life and safety here at U.C.I. at serious risk he's in great fear of. Due to the defendants and their relation with other employed officials here at U.C.I. - ON 4/26/12, approximately 2 p.m. or 2:30 p.m. ( to the best of me grievant knowledge) Grievant was ordered by officer Bell to Pick up all of his Personal Property, Bed linen, Take off all of his clothes except his boxershorts. Put all of his Personal Property, Bed linen and Clothes on Top of his matress. Because he was being placed on 72 hour Property restriction due to officer Hall finding a torn T-Shirt in his cell (O2-2263) at 9:30 am. While visiting with his mental health doctor, and, to be ready when he comes back with officer cover, to remove the grievant out of his cell. Before officer Bell left the grievant stated to officer Bell that. "It was impossible for officer Hall to find a torn T-Shirt in my cell when the only T-Shirt I'm required to have in my cell here in administering is on my bunk Why wasn't I Placed on 72 hour Property restriction after I return back to my cell from visiting with my mental health doctor this morning if officer Hall found a torn T-Shirt in my cell?"He was standing on the wing when Sgt. Maclamore escorted me back to my cell and said nothing." Officer Bell then stated to the grievant he didn't know why but you should have, I think it's about a grievance you wrote on Sgt Jenkins(aka Sgt Ball) officer Kelly and officer Brown, I over heard this morning, for taking some batteries out of your cell, while you were participating in outdoor

5/27/12        Eddie Tray Williams DC No B-897394
DATE                SIGNATURE OF GRIEVANT AND D.C. #

SEE ATTACHED RESPONSE

*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS: 0 / _____
                                    #            Signature

---

### INSTRUCTIONS

This form is used for filing a formal grievance at the institution or facility level as well as for filing appeals to the Office of the Secretary in accordance with Rule 33-103, Florida Administrative Code. When an appeal is made to the Secretary, a copy of the initial response to the grievance must be attached (except as stated below).

When the inmate feels that he may be adversely affected by the submission of a grievance at the institutional level because of the sensitive nature of the grievance, or is entitled by Chapter 33-103 to file a direct grievance he may address his grievance directly to the Secretary's Office. The grievance may be sealed in the envelope by the inmate and processed postage free through routine institutional channels. The inmate must indicate a valid reason for not initially bringing his grievance to the attention of the institution. If the inmate does not provide a valid reason or if the Secretary or his designated representative feels that the reason supplied is not adequate, the grievance will be returned to the inmate for processing at the institutional level.

Receipt for Appeals Being Forwarded to Central Office

Submitted by the inmate on: _____        Institutional Mailing Log #: 1255-23-163        _____
                (Date)                                (Received By)

DISTRIBUTION:    INSTITUTION/FACILITY        CENTRAL OFFICE        LO G
                INMATE (2 Copies)            INMATE            S1 30 12
                INMATE'S FILE                INMATE'S FILE - INSTITUTION/FACILITY        B1 - 2015
                INSTITUTIONAL GRIEVANCE FILE    CENTRAL OFFICE INMATE FILE
                                            CENTRAL OFFICE GRIEVANCE FILE

recreation. But I'll tell Lieutenant Curtis you want to speak with him when I get down stairs. A few minutes later officer Bell, officer Carver, Lieutenant Curtis and Sergeant Maclamore arrived at the grievant cell door.(02-226-5) The grievant stated to Lieutenant Curtis that it was impossible for officer Hall to find a torn T-shirt (after he woke me up this morning, Search my clothes I was putting on, escorted me to visit with my mental health doctor) in his cell. When the only T-shirt he was allowed to have he had on. "Why is you treating me wrong". I've never gave you or your officers any trouble since I been here at U.C.I. O-dormitory." While waiting on my 90 day mental health hold to expire". So I be transferred back to my permanent Camp Suwannee C.I.". "My room is always in Compliance". "Why is you as a Supervisor allowing your officers to illegally Put me on 72 hour property restriction as cold as these cell rooms is from the last of winter cold we just had come in over the weekend". Lieutenant Curtis stated to the grievant the he a snitching wit writing fucking inmate. you should've thought about the when you told on my homeboys in mental health TCU and writing a fucking grievance on my officer's here. "Now cuff the fuck up or get gassed" Grievant stated to Lieutenant Curtis he had a medical and mental health condition. This what he's doing must be approve by a mental health doctor and he's requesting a garment to put on as it states in Chapter 33 F.A.L. Due to the coldness in his cell as he was being cuffed up at his cell door chow flap from behind. After grievant was removed from his cell and made to face the wall while officer Bell and officer Carver go in the grievant cell. Thoroughly search it and bring all the grievant Personal Property, Bed linen and clothes out in the middle of the hallway. Lieutenant Curtis stated to the grievant Sergeant Maclamore is fixing to give you a garment to put on. Go back in cell. While the grievant was walking his cell, (Please review o-dormitory wing 2 U?Stairs camera's) Sergeant Maclamore went in the grievant cell behind him, Slap the grievant repeatedly in the face and threw the grievant against the wall causing the grievant to injured his left arm, While Lieutenant Curtis, officer Carver and officer Bell stood in the hallway and watched. After grievant was secured in his cell. Lieutenant Curtis stated to the grievant. "I got something else for you just in a minute". "Just hold on". "I'll be right back". "I'm gone cure your asthma so you won't have a medical condition anymore". Later Lieutenant Curtis came back with Captain Richardo who ordered officer Bell to gas the grievant. That was illegally medically cleared by nurse Gaskin?(aka little bit) Afterwards grievant was escorted by officer Brock to U.C.A. Medical to treated for his open injured wound and talked with two Psych Counselors he didn't request to see nor declared a Psych emergency (Please review grievant mental health file) and still was placed in a SHOS cell for 24 hours before being discharged by the mental health treatment team in T-dormitory 4/27/12. __ On 4/27/12 While the grievant was being escorted out the mental health treatment team area by officer Carver. Grievant was approached by Captain Richardo and ask was his mind right now. When the grievant didn't respond. Captain Richardo stated to the grievant. "you don't have to answer me". "But after today you will nigga boy". "your mind gone be right when the noon count was cleared. Officer Sanchez escorted the grievant to the gate where the canteen to meet with a dormitory officials to take the grievant from there back to o-dormitory. Upon arriving up to the gate where the canteen is. Lieutenant Curtis stated to Sergeant Jenkins (aka Sgt. Bull), That's between him and the state". "Me and My Captain won't business taken care of today". "Take officer Sanchez with y'all and handle that". While the grievant was walking in full body restraints, being escorted by officer Sanchez, Sergeant Jenkins (aka Sgt. Bull), officer Bell and officer L.S.I John Doe at bse No threat to all (4) of these officials. When grievant was turning left in the direction to o-dormitory. Grievant was slammed face forward to the Pavement road, head repeatedly slammed into the Pavement road. Repeatedly Punched and kicked in the face. Mased in his eyes, Poked in the eyes with the Mase can and their fingers, Repeatedly hit in the head and face with the F.D.O.C. communications radio, kicked in the ribs on both side. Step on in the chest. __ There was No hand helded audio camera called for after returning the grievant from where he was beaten back to o-dormitory to capture the on going beating the grievant took inside o-dormitory holding cell. In front of Lieutenant Curtis, one other white shirt rank official, Nurse Gaskin (aka little bit) and every other officials that was assign to o-dormitory. That didn't try to do something about it. "Even when they saw the grievant slipping in and out of conscious". Which is a violation of Chapter 33 F.A.C. USE OF FORCE and Chapter 33. F.A.C. Personnel.) After grievant was being brought out of the holding cell. The camera will show grievant in a life or death matter taking up stairs to wing 2 to make mocking of and get a point across to other inmates. Placed into his old cell.(02-226-5) Minutes before he was escorted to U.C.A. Medical" and transported out to Shands hospital

six, Grievant contends that those defendants listed in the body of this complaint Purposely, deliberately with an evil intent motive, Maliciously and Sadistically to inflict deadly bodily harm on him. The way it was done under Lieutenant Curtis Supervision in both incidents. "To violate grievant 8th amendment right". That he tried to cover up for sergeant Maclamore on 4/26/12. (That was assign to o-dormitory) by fabricating that the grievant cut himself and declaring a PSYCH EMERGENCY. When the grievant did not declare a Psych emergency, nor did the grievant cut himself or have anything to cut himself with. Due to officer Bell and officer Carver just searched the grievant cell thoroughly before was ordered by Lieutenant Curtis to go back into his cell. When he (Lt.Curtis) stood there in the hallway (wing 2 upstairs o-dormitory) and watched (along with officer Bell and officer Carver) sergeant Maclamore walked behind the grievant (As the grievant was handcuffed from behind) into his cell and assaulted him repeatedly.— On that same day afterwards. 4/26/12. Grievant finds Captain Richards and nurse Gaskin (a.k.a little bit) at fault by involving themselves in favorable with Lieutenant Curtis to Purposely, deliberately with an evil intent motive, Maliciously and Sadistically to inflict Pain on the grievant in using chemical agents ~~on the grievant~~, and, Knowingly grievant has Medical Condition (ASTHMA listed in his medical file that said No chemical agents) and a mental health condition. Under a 90 day mental health hold by ~~the~~ mental Health services, and govern under the mentally impaired (PSYCH III & IV) Title 2 americans with disabilities act of 1990 (ADA). Title 42 usc 12131, et seq. Penn. Dept. of Corrections v. Yeskey. 118 S.Ct. 1952 (1998) and needs a mental health doctor approval to initiated any form of discipline action to the grievant—(That wasn't listed in the body of the two disciplinary reports the grievant received for Participating in a disturbance and destruction of State Property on 4/26/12 and found guilty of 5/9/12 thats now on appeal.)—Which is a violation chapter 33-601.307(1)(i) and chapter 32-404.108(2) F.A.C.— On 4/27/12 The day grievant was transported by amblance to Shands hospital in gainesville florida. The grievant wasn't written a disciplinary report or Served a disciplinary report here in U.C.A Medical Infirmary for anything he done wrong. To as he was Served two disciplinary reports for Participating in a disturbance and destruction of State Property for 4/26/12 here in U.C.A Medical Infirmary and founded guilty for those disciplinary reports (thats now on appeal) 5/9/12.— Please be advise that on 4/26/12 the grievant is listing: INMATE JAMES logan as a witness housed in 02-203-S, upstairs wing 2 video cameras to be reviewed, grievant himself for ~~record~~ documentation Purposes review o-dormitory downyard, upstairs wing 2 video cameras, o-dormitory yard video cameras, the handheld audio video cameras. any other video camera that views the distance from the right corner Pride building turning to left ~~direction~~ direction to o-dormitory yard gate or up to the Pride building from o-dormitory yard gate. and the name of the defendant listed as John Doe in the body of this complaint be revealed to be held accountable for. — Due to the defendents thats in the body of this complaint that the grievant contends violated him Purposely, deliberately, Maliciously and Sadistically with evil intent to do what was Knowingly wrongfully. against his 8th amendment right to be ~~free~~ free from cruel and. .. unusual Punishment as State officials !..

Therefore. The grievant seeks ~~one~~ Point Seven million dollars non-Taxable, clear any debt he owes the State, released off DC and CM Status. Transferred to Moore Heaven corrections with. minimum custody, with a opportunity to earn community custody and work release, and a the defendents thats listed in the body of this complaint be criminal Charged and fired. Due to the right now on doing Pain and suffering housed in U.C.A Medical Infirmary. Due to very deadly Personal injuries to the grievant body ; head, face, and a lost vision Percentage in the left eye and never, ever be transferred back ~~to~~ ~~UNION~~ CORRECTIONAL INSTITUTION AGAIN. and, visitation be restored back to him and his family as a Privilege he once had.— Please be advise that if grievant complaint is denied without reasoning. A LAW SUIT WILL BE FILED ---

cc/.

**PART B - RESPONSE**

| WILLIAMS, EDDIE | 897394 | 1205-213-163 | UNION C.I. | R1201S |
|---|---|---|---|---|
| INMATE | NUMBER | GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Your request for administrative remedy has been reviewed and evaluated. The issue of your complaint has been referred to Office of the Inspector General for appropriate action. Upon completion of necessary action, information will be provided to appropriate administrators for final determination and handling.

As action has been initiated, you may consider your request for administrative remedy approved from that standpoint.

C. Brown                                    B. V. Reddish

| _____ | _____ | 6-7-12 |
|---|---|---|
| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | DATE |

COPY DISTRIBUTION -INSTITUTION / FACILITY
(2 Copies) Inmate
(1 Copy) Inmate's File
(1 Copy) Retained by Official Responding

COPY DISTRIBUTION - CENTRAL OFFICE
(1 Copy) Inmate
(1 Copy) Inmate's File - Inst./Facility
(1 Copy) C.O. Inmate File
(1 Copy) Retained by Official Responding

**MAILED**
JUN 1 1 2012
UCI GRIEVANCE OFFICE