**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

**EDDIE TROY WILLIAMS,**

     Plaintiff,

**v.**                                            **Case No.: 3:12-cv-1133-J-20PDB**

**ROBERT E. MERCADO,** *et al.*,

     Defendants.

_____/

## DEFENDANTS' MOTION TO DISMISS

Defendants **Curtis** and **McLemore**, through undersigned counsel and pursuant to Rule 12(b)(6), move this Court to partially dismiss Mr. Williams' Fourth Amended Complaint.  [Doc. 33]  In support, defendants state the following:

**I.**      **Mr. Williams' Fourth Amended Complaint**

In his Fourth Amended Complaint, Mr. Williams asserts that a series of separate uses of force occurred at Union C.I.: two on April 26, 2012 and two on April 27, 2012.  [Doc. 33 at 3-4] These uses of force were allegedly retaliatory in nature due to Mr. Williams' filing of grievances.  [Doc. 33 at 10]    Mr. Williams also claims that the uses of force were accomplished in furtherance of a conspiracy, or set of conspiracies, brought about to harm Mr. Williams in violation of the Eighth Amendment.  [Doc. 33 at 8-9, 12]  Mr. Williams asserts that one of the April 27, 2012 uses of force were done in violation of the equal protection clause of the Fourteenth Amendment because one of the defendants used a racial slur.  [Doc. 33 at 4, 8] Lastly, Mr. Williams seeks declaratory and injunctive relief.  [Doc. 33 at 11-12]

## II.     Mr. Williams' counts alleging conspiracy

Counts VII, VIII, IX, and XII allege a conspiracy or group of conspiracies by correctional officers.   [Doc. 33 at 8-9, 11]   "The intracorporate conspiracy doctrine holds that acts of corporate agents are attributed to the corporation itself, thereby negating the multiplicity of actors necessary for the formation of a conspiracy." McAndrew v. Lockheed Martin Corp., 206 F.3d 1031, 1036 (11th Cir. 2000) (en banc). "[U]nder the doctrine, a corporation cannot conspire with its employees, and its employees, when acting in the scope of their employment, cannot conspire among themselves." Id.; accord Denney v. City of Albany, 247 F.3d 1172, 1190-91 (11th Cir. 2001) (stating "the only two conspirators identified ... are both City employees; no outsiders are alleged to be involved" and concluding intracorporate conspiracy doctrine barred plaintiffs' § 1985(3) conspiracy claims for deprivation of their equal protection rights).   The doctrine applies to public entities such as state agencies and its personnel. See Wright v. Ill. Dep't of Children & Family Servs., 40 F.3d 1492, 1508 (7th Cir. 1994) (holding that intracorporate conspiracy doctrine applies not just to private entities but also to government agencies such as Illinois Department of Children and Family Services); see also Grider v. City of Auburn, Ala., 618 F.3d 1240, 1262-63 (11th Cir. 2010) (intracorporate conspiracy doctrine barred plaintiff;s § 1983 conspiracy claims against police officers); Denney, 247 F.3 d at 1190 (intracorporate conspiracy doctrine applied to city and its personnel); Rehberg v. Paulk, 611 F.3d 828, 854 (11th Cir. 2010) (concluding intracorporate conspiracy doctrine barred § 1983 conspiracy claim against a county employee); Dickerson v. Alachua Cnty. Comm'n, 200 F.3d 761, 767-68 (11th Cir. 2000) (concluding intracorporate conspiracy doctrine barred plaintiff's § 1985(3) conspiracy claim for interference with his civil rights); Chambliss v. Foote, 562 F.2d 1015 (5th Cir. 1977) (affirming district court's summary judgment opinion applying the

intracorporate conspiracy doctrine to bar a § 1985(3) claim against a public university and its officials); Taylor v. Alabama, 95 F.Supp.2d 1297, 1317-18 (M.D.Ala. 2000) (doctrine of intracorporate conspiracy barred plaintiff's conspiracy claim against employees of state agency); Detris v. Coats, 523 Fed. App'x 612, 615 (11th Cir. 2013) (intracorporate conspiracy doctrine prohibited § 1983 claim against deputies who allegedly beat arrestee while he was being held in pretrial detention).

Here, Mr. Williams asserts that FDOC employees alone, with no outsiders, were involved in the conspiracy. He also alleges that each employee was acting within the scope of his employment, as Mr. Williams must in order to properly assert a section 1983 claim "under color of law." According to the intracorporate conspiracy doctrine, and under the facts pled, Mr. Williams' conspiracy claims must be dismissed. The counts should be dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii).

### III.    Mr. Williams' count alleging a violation of equal protection

Mr. Williams asserts in conclusory fashion that one of the alleged April 27, 2012 uses of force was done due to his race. [Doc. 33 at 4, ¶¶ 28-31 and at 8] "To establish an equal protection claim, a prisoner must demonstrate that (1) "he is similarly situated with other prisoners who received" more favorable treatment; and (2) his discriminatory treatment was based on some constitutionally protected interest such as race." Jones v. Ray, 279 F.3d 944, 946-47 (11th Cir. 2001) (citing Damiano v. Fla. Parole & Prob. Comm'n, 785 F.2d 929, 932-33 (11th Cir. 1986) (per curiam)). Here, there is no allegation that other similarly situated prisoners receive more favorable treatment. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2008) ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further

factual enhancement.'") (citation omitted).   Neither is there an assertion that Defendant Curtis made any decision based on race.  Mr. Williams offers nothing more than bare-boned allegations regarding this point.[1]  See Draper v. Reynolds, 369 F.3d 1270, 1278 n.14 (11th Cir. 2004); Davis v. Collier County Sheriff's Office, No. 2:10-cv-107-FtM-29SPC, 2010 WL 1730869, at *3 (M.D.Fla. Apr. 5, 2010) (dismissing complaint where plaintiff failed to properly allege that similarly situated persons were treated differently due to race).   Absent specific factual allegations which show that Officer Curtis "engaged in invidious discrimination," the complaint does not state an equal protection claim.   Watson v. Thomas, No. 1:12–cv–00216–IPJ–RRA, 2012 WL 6755059, at *6 (N.D.Ala. Oct. 31, 2012) (citing Damiano, 785 F. 2d at 932-33).

Further, to the extent Mr. Mercado is alleged to have used the term "nigga boy" in response to Mr. Williams' refusal to answer a question, use of such language is not a constitutional violation.  See Edwards v. Gilbert, 867 F.2d 1271, 1273 n.1 (11th Cir. 1989) ("a petitioner must allege more than that he has been subjected to 'verbal taunts . . . however distressing' in order to make a claim that jailers have violated their duty of protection or deprived the petitioner of his constitutional rights"); DeWalt v. Carter, 224 F.3d 607, 612 (7th Cir. 2000) ("The use of racially derogatory language, while unprofessional and deplorable, does not violate

---

[1] Taking Mr. Williams' allegations as true, as must be done by the Court as this stage, the alleged use of the term "nigga boy" by Mr. Mercado had nothing to do with the alleged use of force.  A reasonable reading of paragraph twenty-eight of the complaint seems to show that the use of force was done so that Mr. Williams would get his "mind right," not on account of his race.  [Doc. 33 at 4; see also Doc. 1 at 20]  The alleged racial slur was tangential.  Mr. Williams' attempt to divine meaning into the alleged use of the phrase does not pass the Iqbal plausibility requirement of being more than a sheer possibility.   "Conclusory allegations, unwarranted deduction of facts or legal conclusions masquerading as facts will not prevent dismissal." Jackson v. BellSouth Telecommunications, 372 F.3d 1250, 1263 (11th Cir. 2004) (quotation marks omitted).  Regardless, as stated herein, Defendant Curtis should be dismissed from this count as he did not allegedly state the slur and there is no plausible, non-conclusory allegation whatsoever that any action by Defendant Curtis was racially motivated or that Defendant Curtis treated similar situated prisoners differently due to race.

the Constitution. Standing alone, simple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws." (footnote and citations omitted)); <u>Keyes v. City of Albany</u>, 594 F.Supp. 1147, 1155 (N.D.N.Y. 1984) ("[T]he use of vile and abusive language, no matter how abhorrent or reprehensible, cannot form the basis for a § 1983 claim."). Regardless, Defendant Curtis used no racial slur and had nothing to do with Mr. Mercado's alleged use of such deplorable language. Thus, Count VI against Defendant Curtis must be dismissed as no well-pleaded allegation connects any action of Defendant Curtis with a properly stated claim for an equal protection violation. The count should be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii).

**IV.   <u>Defendants Curtis and McLemore are entitled to qualified immunity</u>**

Under the doctrine of qualified immunity, government officials acting within their discretionary authority are immune from suit unless the official's conduct "violates 'clearly established [federal] statutory or constitutional rights of which a reasonable person would have known.'" <u>GJR Invs., Inc. v. County of Escambia</u>, 132 F.3d 1359, 1366 (11th Cir. 1998) (alteration in original) (quoting <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982)). The Supreme Court has established a two-part test for determining whether an officer is entitled to qualified immunity. A court must determine "whether [the] plaintiff's allegations, if true, establish a constitutional violation." <u>Hope v. Pelzer</u>, 536 U.S. 730, 736 (2002) (citation omitted). A court must also determine whether the constitutional violation was clearly established. <u>Saucier v. Katz</u>, 533 U.S. 194, 201, 121 S.Ct. 2151 (2001). However, the district court has discretion to determine in what order to address each part. <u>Pearson v. Callahan</u>, 555 U.S. 223, 236 (2009).

In order to show that the constitutional violation was clearly established, a plaintiff must demonstrate (1) "that a materially similar case has already been decided, giving notice to the [correctional staff];" (2) "that a broader, clearly established principle should control the novel facts in this situation;" or (3) "this case fits within the exception of conduct which so obviously violates [the] constitution that prior case law is unnecessary." Mercado v. City of Orlando, 407 F.3d 1152, 1159 (11th Cir. 2005) (citations omitted).   The plaintiff "must point to law as interpreted by the Supreme Court, the Eleventh Circuit, or the Supreme Court of Florida" to show that the constitutional violation was clearly established. Id. A "materially similar case" is one in which the Supreme Court, the Eleventh Circuit, or the Florida Supreme Court "has said that 'Y Conduct' is unconstitutional in 'Z Circumstances.'" Vinyard v. Wilson, 311 F.3d 1340, 1351 (11th Cir. 2002).  In other words, it is a case that is "tied to particularized facts." Id. "For qualified immunity to be surrendered, pre-existing law must dictate, that is, truly compel (not just suggest or allow or raise a question about) the conclusion for every like-situated, reasonable government agent that what defendant is doing violates federal law in the circumstances." Jenkins by Hall v. Talladega City Bd. of Educ., 115 F.3d 821, 823 (11th Cir. 1997) (quoting Lassiter v. Alabama A & M Univ., 28 F.3d 1146, 1150 (11th Cir. 1994) (*en banc*)).   "To be clearly established . . . 'existing precedent must have placed the statutory or constitutional question beyond debate.'" Reichle v. Howards, 132 S.Ct. 2088, 2093 (2012) (quoting Ashcroft v. al-Kidd, 131 S. Ct. 2074, 2083 (2011)).   "[O]fficials are not obligated to be creative or imaginative in drawing analogies from previously decided cases." Coffin v. Brandau, 642 F.3d 999, 1015 (11th Cir. 2011) (quoting Adams v. St. Lucie Cnty. Sheriff's Dep't., 962 F.2d 1563, 1575 (11th Cir. 1992) (Edmondson, J., dissenting), approved *en banc*, 998 F.2d 923 (11th Cir. 1993) (*per curiam*)).

As the case law above in Section II makes clear, defendants Curtis and McLemore could not have been involved in a conspiracy to commit a constitutional violation as the intracorporate conspiracy doctrine makes it impossible under the facts pled.  Thus, both are entitled to qualified immunity as to the conspiracy counts.

Further, Defendant Curtis is entitled to qualified immunity for Count VI as the undersigned has found no case law in the U.S. Supreme Court, Eleventh Circuit Court of Appeals, or the Florida Supreme Court that would place Defendant Curtis on notice that the mere use of a racial slur by another officer would be a violation of the equal protection clause of the Fourteenth Amendment.

## V.    Mr. Williams' counts seeking declaratory and injunctive relief

In counts XIII and XIV Mr. Williams seeks, respectively, declaratory and injunctive relief.  [Doc. 33 at 11-12]  Mr. Williams claims that the acts in question in the operative complaint occurred at Union C.I.  [Doc. 33 at 1]  Mr. Williams is now housed at Suwannee C.I. [Doc. 34][2]  The transfer to a different institution, where there is no reason to believe that Mr. Williams will be transferred back to Union C.I. under the same circumstances, renders the claims for declaratory and injunctive relief moot.  Jackson v. Martin, No. 3:09cv270/LAC/MD, 2009 WL 4728160, at *6 (N.D.Fla. Dec. 2, 2009) ("Because plaintiff is no longer confined at Santa Rosa CI, no order from this court requiring monitoring of Santa Rosa CI staff 'to keep this from happening again' would have any effect. Furthermore, since there appears no reason to believe that plaintiff will again be confined at Santa Rosa CI under the same circumstances, the narrow exception for cases that are capable of repetition yet evading review does not apply.") (citing various Eleventh Circuit Court of Appeals' cases).

---

[2]  An inmate's current institution can also be found on the FDOC's website.  See http://www.dc.state.fl.us/ActiveInmates

The declaratory relief Mr. Williams seeks is essentially the determination of the ultimate issues of fact in this case. [Doc. 33 at 11]  That is the proper province of the jury as neither defendant McLemore or Curtis will be waiving a jury trial.  Mr. Williams also demands a jury trial [Doc. 33 at 1, 5-11], thus the relief he seeks cannot be given by the Court.

More importantly, Mr. Williams merely seeks declaratory relief for particular past acts. "A declaratory judgment is meant to define the legal rights and obligations of the parties in anticipation of some future conduct, not simply proclaim liability from a past act." Lawrence v. Kuenhold, 271 Fed. App'x 763, 766 (10th Cir. 2008) (citing Utah Animal Rights Coalition v. Salt Lake City Corp., 371 F.3d 1248, 1266 (10th Cir. 2004) (McConnell, J., concurring) ("[A] declaratory judgment action involving past conduct that will not recur is not justiciable.").  "The 'useful purpose' served by the declaratory judgment action is the clarification of legal duties for the future, rather than the past harm a coercive tort action is aimed at redressing."  Swish Marketing, Inc. v. F.T.C., 669 F.Supp. 2d 72, 77 (D.D.C. 2009) (citing AmSouth Bank v. Dale, 386 F.3d 763, 786 (6th Cir. 2004)).  Alleged past exposure to unconstitutional state action, by itself, cannot give rise to a declaratory relief.  See Brown v. Fauver, 819 F.2d 395, 400 (3rd Cir. 1987) ("In this case Brown has done nothing more than allege past exposure to unconstitutional state action. As the foregoing discussion indicates, this is not enough to secure standing to sue for prospective relief. We detect nothing in Brown's complaint or papers that even suggests a real likelihood, much less an "immediate threat," that he will ever again be the subject of a prison disciplinary hearing. We therefore hold that Brown is without standing to sue for prospective relief."); see also Young v. Beard, No. 2:11–cv–02491–KJM–AC, 2015 WL 1021278, at *4 (E.D.Cal. Mar. 6, 2015) ("For this reason, awarding prospective declaratory judgment may be improper if it 'would have much the same effect as a full-fledged award of

8

damages or restitution by the federal court,' allowing a 'partial end run' around the rule of *Edelman*.") (citing <u>Green v. Mansour</u>, 474 U.S 64, 73 (1985)).   Thus, Mr. Williams' claims for declaratory and injunctive relief must be dismissed as the former simply seeks proclamation of liability for past acts and the latter is moot.

<u>CONCLUSION</u>

In accordance with the foregoing case law and argument, defendants Curtis and McLemore request the Court dismiss counts VI, VII, VIII, IX, XII, XIII, and XIV.   Defendants request this dismissal be under 28 U.S.C. § 1915(e)(2)(B)(ii).

Respectfully submitted,

**PAMELA JO BONDI**
**ATTORNEY GENERAL**

<u>/s/ Lance Eric Neff</u>
Lance Eric Neff
Senior Assistant Attorney General
Florida Bar No.: 0026626
Office of the Attorney General
The Capitol, Suite PL-01
Tallahassee Florida 32399-1050
Telephone: (850) 414-3300
Facsimile: (850) 488-4872
Lance.Neff@myfloridalegal.com

<u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished by U.S. Mail to: Eddie T. Williams, DC # 897394, Suwannee C.I., 5964 U.S. Highway 90, Live Oak, Florida 32060, on this 8th day of April, 2015.

<u>/s/ Lance Eric Neff</u>
Lance Eric Neff
Senior Assistant Attorney General