**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

**EDDIE TROY WILLIAMS,**

    Plaintiff,

v.                                                                     Case No.: 3:12-cv-1133-J-20PDB

**ROBERT E. MERCADO,** *et al.***,**

    Defendants.

_____/

## DEFENDANT'S MOTION TO DISMISS

Defendant **Mercado**, through undersigned counsel and pursuant to Rule 12(b)(6), moves this Court to partially dismiss Mr. Williams' Fourth Amended Complaint. [doc. 33] In support, defendant states the following:

**I.**     **Mr. Williams' Fourth Amended Complaint**

In his Fourth Amended Complaint, Mr. Williams asserts that a series of separate uses of force occurred at Union C.I.: two on April 26, 2012 and two on April 27, 2012. [doc. 33 at 3-4] These uses of force were allegedly retaliatory in nature due to Mr. Williams' filing of grievances. [doc. 33 at 10]  Mr. Williams also claims that the uses of force were accomplished in furtherance of a conspiracy, or set of conspiracies, brought about to harm Mr. Williams in violation of the Eighth Amendment. [doc. 33 at 8-9, 12]  Mr. Williams asserts that one of the April 27, 2012 uses of force were done in violation of the equal protection clause of the Fourteenth Amendment because one of the defendants used a racial slur. [doc. 33 at 4, 8] Lastly, Mr. Williams seeks declaratory and injunctive relief. [doc. 33 at 11-12]

**II.      Mr. Williams' counts alleging conspiracy**

As to Counts VII, VIII, IX, and XII, Defendant Mercado adopts the arguments put forth by defendants McLemore and Curtis in their motion to dismiss. [doc. 36 at 2-3]

**III.     Mr. Williams' count alleging a violation of equal protection**

Mr. Williams asserts in conclusory fashion that one of the alleged April 27, 2012 uses of force was done due to his race. [Doc. 33 at 4, ¶¶ 28-31 and at 8] "To establish an equal protection claim, a prisoner must demonstrate that (1) "he is similarly situated with other prisoners who received" more favorable treatment; and (2) his discriminatory treatment was based on some constitutionally protected interest such as race." Jones v. Ray, 279 F.3d 944, 946-47 (11th Cir. 2001) (citing Damiano v. Fla. Parole & Prob. Comm'n, 785 F.2d 929, 932-33 (11th Cir. 1986) (*per curiam*)).

Taking Mr. Williams' allegations as true, as must be done by the Court as this stage, the alleged use of the term "nigga boy" by Mr. Mercado had nothing to do with the alleged use of force. A reasonable reading of paragraph twenty-eight of the complaint seems to show that the use of force was done so that Mr. Williams would get his "mind right," not on account of his race. [doc. 33 at 4; see also doc. 1 at 20] The alleged racial slur was tangential. Mr. Williams' attempt to divine meaning into the alleged use of the phrase – "(*Meaning*, Plaintiff was going to be beaten because he was a 'nigga boy')" (emphasis added) [doc 33 at 4, ¶ 28] – may not be accepted as true since it is speculative at best.[1] Cardwell v. Auburn Univ. Montgomery, 941 F.Supp. 2d 1322, 1331 (M.D.Ala. 2013) (alleging mere possibility of discrimination does not

---

[1] If Officer Mercado had used force on Mr. Williams while stating racial slurs, Mr. Williams would have a much better claim. See, e.g., Young v. Green, Civil Action No. H-11-1592, 2013 WL 775388 (S.D.Tex. Feb. 28, 2013). However, case law does not seem to support an equal protection claim where a plaintiff asserts that Officer "A" merely used a racial slur with the speculative assumption that it led to a *future* race-based use of force by Officer "B" that did not use the slur.

satisfy Iqbal); Chapman v. U.S. Postal Service, 442 Fed. App'x 480, 484 (11th Cir. 2011) (speculative and conclusory allegations are insufficient to state a claim). "Conclusory allegations, unwarranted deduction of facts or legal conclusions masquerading as facts will not prevent dismissal." Jackson v. BellSouth Telecommunications, 372 F.3d 1250, 1263 (11th Cir. 2004) (quotation marks omitted).

Neither is there any allegation that Defendant Mercado treated similar situated prisoners differently due to race. At best, Mr. Williams offers nothing more than bare-boned allegations regarding this point. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2008) ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'") (citation omitted); Draper v. Reynolds, 369 F.3d 1270, 1278 n.14 (11th Cir. 2004); Davis v. Collier County Sheriff's Office, No. 2:10-cv-107-FtM-29SPC, 2010 WL 1730869, at *3 (M.D.Fla. Apr. 5, 2010) (dismissing complaint where plaintiff failed to properly allege that similarly situated persons were treated differently due to race). Absent specific factual allegations which show that Officer Mercado "engaged in invidious discrimination," the complaint does not state an equal protection claim. Watson v. Thomas, No. 1:12–cv–00216–IPJ–RRA, 2012 WL 6755059, at *6 (N.D.Ala. Oct. 31, 2012) (citing Damiano, 785 F. 2d at 932-33).

Further, to the extent Mr. Mercado is alleged to have used the term "nigga boy" in response to Mr. Williams' refusal to answer a question, use of such language is not a constitutional violation. See Edwards v. Gilbert, 867 F.2d 1271, 1273 n.1 (11th Cir. 1989) ("a petitioner must allege more than that he has been subjected to 'verbal taunts . . . however distressing' in order to make a claim that jailers have violated their duty of protection or deprived

3

the petitioner of his constitutional rights"); DeWalt v. Carter, 224 F.3d 607, 612 (7th Cir. 2000) ("The use of racially derogatory language, while unprofessional and deplorable, does not violate the Constitution. Standing alone, simple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws." (footnote and citations omitted)); Keyes v. City of Albany, 594 F.Supp. 1147, 1155 (N.D.N.Y. 1984) ("[T]he use of vile and abusive language, no matter how abhorrent or reprehensible, cannot form the basis for a § 1983 claim."). Thus, Count VI against Defendant Mercado must be dismissed as the assertions made by Mr. Williams do not rise above the level of speculation. The count should be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii).

## IV. Defendant Mercado is entitled to qualified immunity

Under the doctrine of qualified immunity, government officials acting within their discretionary authority are immune from suit unless the official's conduct "violates 'clearly established [federal] statutory or constitutional rights of which a reasonable person would have known.'" GJR Invs., Inc. v. County of Escambia, 132 F.3d 1359, 1366 (11th Cir. 1998) (alteration in original) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982)). The Supreme Court has established a two-part test for determining whether an officer is entitled to qualified immunity. A court must determine "whether [the] plaintiff's allegations, if true, establish a constitutional violation." Hope v. Pelzer, 536 U.S. 730, 736 (2002) (citation omitted). A court must also determine whether the constitutional violation was clearly established. Saucier v. Katz, 533 U.S. 194, 201, 121 S.Ct. 2151 (2001). However, the district court has discretion to determine in what order to address each part. Pearson v. Callahan, 555 U.S. 223, 236 (2009).

In order to show that the constitutional violation was clearly established, a plaintiff must demonstrate (1) "that a materially similar case has already been decided, giving notice to the [correctional staff];" (2) "that a broader, clearly established principle should control the novel facts in this situation;" or (3) "this case fits within the exception of conduct which so obviously violates [the] constitution that prior case law is unnecessary." Mercado v. City of Orlando, 407 F.3d 1152, 1159 (11th Cir. 2005) (citations omitted). The plaintiff "must point to law as interpreted by the Supreme Court, the Eleventh Circuit, or the Supreme Court of Florida" to show that the constitutional violation was clearly established. Id. A "materially similar case" is one in which the Supreme Court, the Eleventh Circuit, or the Florida Supreme Court "has said that 'Y Conduct' is unconstitutional in 'Z Circumstances.'" Vinyard v. Wilson, 311 F.3d 1340, 1351 (11th Cir. 2002). In other words, it is a case that is "tied to particularized facts." Id. "For qualified immunity to be surrendered, pre-existing law must dictate, that is, truly compel (not just suggest or allow or raise a question about) the conclusion for every like-situated, reasonable government agent that what defendant is doing violates federal law in the circumstances." Jenkins by Hall v. Talladega City Bd. of Educ., 115 F.3d 821, 823 (11th Cir. 1997) (quoting Lassiter v. Alabama A & M Univ., 28 F.3d 1146, 1150 (11th Cir. 1994) (*en banc*)). "To be clearly established . . . 'existing precedent must have placed the statutory or constitutional question beyond debate.'" Reichle v. Howards, 132 S.Ct. 2088, 2093 (2012) (quoting Ashcroft v. al-Kidd, 131 S. Ct. 2074, 2083 (2011)). "[O]fficials are not obligated to be creative or imaginative in drawing analogies from previously decided cases." Coffin v. Brandau, 642 F.3d 999, 1015 (11th Cir. 2011) (quoting Adams v. St. Lucie Cnty. Sheriff's Dep't., 962 F.2d 1563, 1575 (11th Cir. 1992) (Edmondson, J., dissenting), approved *en banc*, 998 F.2d 923 (11th Cir. 1993) (*per curiam*)).

Defendant Mercado could not have been involved in a conspiracy to commit a constitutional violation as the intracorporate conspiracy doctrine makes it impossible under the facts pled. Thus, he is entitled to qualified immunity as to the conspiracy counts.

Further, Defendant Mercado is entitled to qualified immunity for Count VI as the there is no allegation that a similarly situated inmate was treated more favorably. Also, there are only conclusory and speculative allegations connecting the alleged beating with the alleged use of the racial slur. Finally, the undersigned has found no case law in the U.S. Supreme Court, Eleventh Circuit Court of Appeals, or the Florida Supreme Court that would place Defendant Mercado on notice that the mere use of a racial slur would be a violation of the equal protection clause of the Fourteenth Amendment. In fact, it appears the opposite – that mere use of a racial slur is not a constitutional violation – is the current law. Mosley v. Sconyers, No. 2:13–CV–532–WHA, 2013 WL 4874141, at *3 (M.D.Ala. Sept. 12, 2013) (citing cases).

**V.    Mr. Williams' counts seeking declaratory and injunctive relief**

In counts XIII and XIV Mr. Williams seeks, respectively, declaratory and injunctive relief. [Doc. 33 at 11-12]  Defendant Mercado adopts the arguments put forth by defendants McLemore and Curtis in their motion to dismiss. [Doc. 36 at 7-9]  Defendant Mercado also submits this additional case law: Ippolito v. Meisel, 958 F.Supp 155, 165 (S.D.N.Y. 1997) ("[C]ourts are not obliged to entertain actions for declaratory judgment not seeking prospective relief but merely declaring past wrongs."); Morales v. City of New York, No. 14–CV–2896 (JMF), 2014 WL 4967207, at *5 (S.D.N.Y. Oct. 6, 2014) ("Plaintiff asks the Court to declare that her rights were violated by the 'wrongful and false arrest, malicious prosecution, and wrongful imprisonment' of her father. (Am. Compl. ¶¶ 98–99). In doing so, however, she asks the Court only to recognize a past wrong, which, in the context of declaratory relief, does not in

itself 'amount to that real and immediate threat of injury necessary to make out a case or controversy.'") (citing City of Los Angeles v. Lyons, 461 U.S. 95, 103 (1983)).

## CONCLUSION

In accordance with the foregoing case law and argument, Defendant Mercado request the Court dismiss counts VI, VII, VIII, IX, XII, XIII, and XIV.  Defendant requests this dismissal be under 28 U.S.C. § 1915(e)(2)(B)(ii).

Respectfully submitted,

**PAMELA JO BONDI**
**ATTORNEY GENERAL**

/s/ Lance Eric Neff
Lance Eric Neff
Senior Assistant Attorney General
Florida Bar No.: 0026626
Office of the Attorney General
The Capitol, Suite PL-01
Tallahassee Florida 32399-1050
Telephone: (850) 414-3300
Facsimile: (850) 488-4872
Lance.Neff@myfloridalegal.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished by U.S. Mail to: Eddie T. Williams, DC # 897394, Suwannee C.I., 5964 U.S. Highway 90, Live Oak, Florida 32060, on this 23rd day of April, 2015.

/s/ Lance Eric Neff
Lance Eric Neff
Senior Assistant Attorney General