**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

**EDDIE TROY WILLIAMS,**

    Plaintiff,

v.                                           Case No.: 3:12-cv-1133-J-20PDB

**ROBERT E. MERCADO,** *et al.*,

    Defendants.

    _____/

## DEFENDANTS' MOTION TO DISMISS

Defendants **Bell** and **Hall**, through undersigned counsel and pursuant to Rule 12(b)(6), move this Court to partially dismiss Mr. Williams' Fourth Amended Complaint. [doc. 33] In support, defendants state the following:

**I.**    **Mr. Williams' Fourth Amended Complaint**

In his Fourth Amended Complaint, Mr. Williams asserts that a series of separate uses of force occurred at Union C.I.: two on April 26, 2012 and two on April 27, 2012. [doc. 33 at 3-4] These uses of force were allegedly retaliatory in nature due to Mr. Williams' filing of grievances. [doc. 33 at 10] Mr. Williams also claims that the uses of force were accomplished in furtherance of a conspiracy, or set of conspiracies, brought about to harm Mr. Williams in violation of the Eighth Amendment. [doc. 33 at 8-9, 12] Mr. Williams asserts that one of the April 27, 2012 uses of force were done in violation of the equal protection clause of the Fourteenth Amendment because one of the defendants used a racial slur. [doc. 33 at 4, 8] Lastly, Mr. Williams seeks declaratory and injunctive relief. [doc. 33 at 11-12]

## II.   Mr. Williams' counts alleging conspiracy

As to Counts VII, VIII, IX, and XII, defendants Hall[1] and Bell adopt the arguments put forth by defendants McLemore and Curtis in their motion to dismiss. [doc. 36 at 2-3]

## III.   Mr. Williams' count alleging a violation of equal protection

As to Count VI, defendants Hall and Bell adopt the arguments put forth by defendants McLemore and Curtis in their motion to dismiss. [doc. 36 at 3-5]

## IV.   Defendants Hall and Bell are entitled to qualified immunity

Under the doctrine of qualified immunity, government officials acting within their discretionary authority are immune from suit unless the official's conduct "violates 'clearly established [federal] statutory or constitutional rights of which a reasonable person would have known.'" GJR Invs., Inc. v. County of Escambia, 132 F.3d 1359, 1366 (11th Cir. 1998) (alteration in original) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982)). The Supreme Court has established a two-part test for determining whether an officer is entitled to qualified immunity. A court must determine "whether [the] plaintiff's allegations, if true, establish a constitutional violation." Hope v. Pelzer, 536 U.S. 730, 736 (2002) (citation omitted). A court must also determine whether the constitutional violation was clearly established. Saucier v. Katz, 533 U.S. 194, 201, 121 S.Ct. 2151 (2001). However, the district court has discretion to determine in what order to address each part. Pearson v. Callahan, 555 U.S. 223, 236 (2009).

---

[1] It appears Mr. Williams only claim against Officer Hall is found in Count VII (Conspiracy). [doc. 33 at 8, ¶ 70] Under the intracorporate conspiracy doctrine, no conspiracy claim may be brought by Mr. Williams against Officer Hall. Thus, Officer Hall should be dismissed from this case. It further appears that the allegations against Officer Hall are frivolous as he is only asserted to have found a torn T-shirt. [doc. 33 at 3, ¶ 15] Unless the undersigned overlooked it, there is no other factual assertion regarding Officer Hall. [doc. 33 at 3-5] As the Court is aware, finding a torn T-shirt is not a constitutional violation.

2

In order to show that the constitutional violation was clearly established, a plaintiff must demonstrate (1) "that a materially similar case has already been decided, giving notice to the [correctional staff];" (2) "that a broader, clearly established principle should control the novel facts in this situation;" or (3) "this case fits within the exception of conduct which so obviously violates [the] constitution that prior case law is unnecessary." Mercado v. City of Orlando, 407 F.3d 1152, 1159 (11th Cir. 2005) (citations omitted). The plaintiff "must point to law as interpreted by the Supreme Court, the Eleventh Circuit, or the Supreme Court of Florida" to show that the constitutional violation was clearly established. Id. A "materially similar case" is one in which the Supreme Court, the Eleventh Circuit, or the Florida Supreme Court "has said that 'Y Conduct' is unconstitutional in 'Z Circumstances.'" Vinyard v. Wilson, 311 F.3d 1340, 1351 (11th Cir. 2002). In other words, it is a case that is "tied to particularized facts." Id. "For qualified immunity to be surrendered, pre-existing law must dictate, that is, truly compel (not just suggest or allow or raise a question about) the conclusion for every like-situated, reasonable government agent that what defendant is doing violates federal law in the circumstances." Jenkins by Hall v. Talladega City Bd. of Educ., 115 F.3d 821, 823 (11th Cir. 1997) (quoting Lassiter v. Alabama A & M Univ., 28 F.3d 1146, 1150 (11th Cir. 1994) (*en banc*)). "To be clearly established . . . 'existing precedent must have placed the statutory or constitutional question beyond debate.'" Reichle v. Howards, 132 S.Ct. 2088, 2093 (2012) (quoting Ashcroft v. al-Kidd, 131 S. Ct. 2074, 2083 (2011)). "[O]fficials are not obligated to be creative or imaginative in drawing analogies from previously decided cases." Coffin v. Brandau, 642 F.3d 999, 1015 (11th Cir. 2011) (quoting Adams v. St. Lucie Cnty. Sheriff's Dep't., 962 F.2d 1563, 1575 (11th Cir. 1992) (Edmondson, J., dissenting), approved *en banc*, 998 F.2d 923 (11th Cir. 1993) (*per curiam*)).

Defendants Bell and Hall could not have been involved in a conspiracy to commit a constitutional violation as the intracorporate conspiracy doctrine makes it impossible under the facts pled.  Thus, they are entitled to qualified immunity as to the conspiracy counts.

Further, Defendant Bell is entitled to qualified immunity for Count VI as the undersigned has found no case law in the U.S. Supreme Court, Eleventh Circuit Court of Appeals, or the Florida Supreme Court that would place Defendant Bell on notice that the mere use of a racial slur by another officer would be a violation of the equal protection clause of the Fourteenth Amendment.

## V. Mr. Williams' counts seeking declaratory and injunctive relief

In counts XIII and XIV Mr. Williams seeks, respectively, declaratory and injunctive relief.  [doc. 33 at 11-12]   Defendants Bell and Hall adopt the arguments put forth in prior motions to dismiss.  [doc. 36 at 7-9; doc. 39 at 6-7]

## CONCLUSION

In accordance with the foregoing case law and argument, defendants Bell and Hall request the Court dismiss counts VI, VII, VIII, IX, XII, XIII, and XIV.  Defendants request this dismissal be under 28 U.S.C. § 1915(e)(2)(B)(ii).

Respectfully submitted,

**PAMELA JO BONDI**
**ATTORNEY GENERAL**

/s/ Lance Eric Neff
Lance Eric Neff
Senior Assistant Attorney General
Florida Bar No.: 0026626
Office of the Attorney General
The Capitol, Suite PL-01
Tallahassee Florida 32399-1050
Telephone: (850) 414-3300
Facsimile: (850) 488-4872

4

Lance.Neff@myfloridalegal.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished by U.S. Mail to: Eddie T. Williams, DC # 897394, Suwannee C.I., 5964 U.S. Highway 90, Live Oak, Florida 32060, on this 5th day of May, 2015.

/s/ Lance Eric Neff
Lance Eric Neff
Senior Assistant Attorney General